UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH P. RYNCARZ,<br><br>                Movant,<br><br>  -vs-<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | No.   2:01-CR-0015-WFN-1<br><br>ORDER ON § 2255 MOTION |

Before the Court is Mr. Ryncarz's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 231. Mr. Ryncarz petitions the Court to vacate his sentence and resentence in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015).

## BACKGROUND

Defendant was charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. A jury convicted him. ECF No. 114.

The Presentence Report concluded that Defendant qualified as an Armed Career Criminal based on four predicate offenses; (1) Washington Second Degree Assault-Use of a Deadly Weapon (1990); (2) Washington Second Degree Assault-Use of a Deadly Weapon (1990); (3) Second Degree Assault (1983); and (4) Second Degree Extortion (1983). At sentencing the Government proffered the judgment and sentence, amended information, jury verdict and special verdict form on cause number 8301000072-5 and 83-1-00090-3 as well as the judgment and sentence, amended information and statement of defendant on the plea of guilty in 90-1-00092-2 to support the Government's reliance on those four convictions to support application of the Armed Career Criminal Act. See Sentencing Hearing Transcript, ECF No. 151, pg. 10. During the sentencing the parties discussed whether or not Extortion qualified as a violent felony. The trial court ultimately

concluded that it did, indicating that the "second degree extortion conviction is a violent felony for any of the three reasons: (1) the use of force was an element of the crime of which he actually was convicted; (2) the crime that he actually committed involved a substantial risk of injury; an (3) the crime that he actually committed was a "generic" extortion within the meaning of § 924(e)(2)(B)(ii)." ECF No. 141, pg. 6.  The trial court determined, without stating the applicable ACCA clause, that the three second degree assault convictions also qualified as predicate offenses. (The trial court heard argument regarding whether concurrently sentenced assault convictions qualified as separate convictions, but apparently there was no question as to whether each conviction qualified as a predicate offense.)

The trial court sentenced Defendant to 262 months incarceration.  Defendant appealed his conviction, which was affirmed by the Ninth Circuit. ECF No. 162. Defendant then filed a 28 U.S.C. § 2255 Motion to Vacate, which the trial court denied. ECF Nos. 163 and 182. The Ninth Circuit granted Defendant's application to file the instant successive 28 U.S.C. § 2255 Motion to Vacate.  ECF No. 229.

## DISCUSSION

To be an Armed Career Criminal, the Court must find that the person has three qualifying "serious drug offenses" and/or violent felony convictions.  "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or; (ii) is a burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . ." 18 U.S.C. 924(e)(2)(B) (emphasis added).  The Supreme Court invalidated the residual clause of the ACCA defining a qualifying violent felony, italicized above, substantially limiting application of the ACCA. *Johnson*, 135 S. Ct. 2251.

To gain relief, the trial court must have relied upon the now invalidated residual clause in making the ACCA determination.  As described above, the trial

court indicated that Washington's Second Degree Extortion qualified as a predicate offense based on any of three separate provision of the ACCA; but did not state the basis for why the second degree assault or second degree assault with a deadly weapon qualified as predicate offenses. *Johnson* only applies to cases relying upon the residual clause. Mr. Ryncarz argues that because the Trial court indicated that the residual clause could qualify as the basis for determining that Second Degree Extortion was a crime of violence, that this trial court must re-examine each of the underlying predicate convictions. Mr. Ryncarz partially relies upon an unpublished opinion in *United States v. Christian*, wherein the Ninth Circuit overturned the district court's refusal to address a *Johnson* claim when the district court had "relied at least in part on the unconstitutionally vague residual clause of the ACCA's 'violent felony' definition" and remanded for resentencing. In *Christian*, the district court denied defendant's *Johnson* challenge because the defendant had six predicate offenses, five which relied upon the enumerated crimes and one of which relied upon the residual clause. The district court concluded that even if the one predicate that relied on the residual clause were removed, the defendant had ample predicate offenses to justify application of the ACCA.

In this case, the trial court referred to the residual clause, but did not rely upon it. The trial court opined that Second Degree Extortion qualified as an enumerated offense as well as an offense that used force. The trial court need not have referred to the residual clause at all. Mr. Ryncarz argues that the trial court unlawfully concluded that Second Degree Extortion qualified as an enumerated offense or under the use of force analysis based on *United States v. Anderson*, but argues that an appeal on that point would have been pointless at the time, because the residual clause would have been applicable. 989 F.2d 310 (9th Cir. 1993). The trial court examined *Anderson,* but concluded that based on the modified categorical approach, Mr. Ryncarz's conviction qualified because unlike in *Anderson,* the charging documents and admissions during the plea made plain that Mr. Ryncarz had committed a generic extortion.

ORDER ON § 2255 MOTION - 3

To the extent that *Christian* is precedential, the Court determines in this case, that the trial court did not rely upon a now unconstitutional clause in the same manner as had occurred in *Christian*. The trial court instead found that Mr. Ryncarz's second degree extortion conviction qualified as a crime of violence for multiple reasons, and went into the most depth on the enumerated offense justification. For these reasons, the Court finds that Mr. Ryncarz does not raise a *Johnson* issue because the trial court did not unlawfully rely upon the now invalidated residual clause.

However, even if the Court is incorrect and any reference to the residual clause is sufficient to reopen consideration of each predicate, Mr. Ryncarz still qualifies as an Armed Career Criminal because his prior convictions for second degree assault with a deadly weapon and second degree assault qualify as crimes of violence because each have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

Mr. Ryncarz has two convictions for Second Degree Assault with a special verdict for use of a deadly weapon (cause numbers 83-1-00072-5 and 83-1-00090-3). In 1983, RCW § 9A.36.020 indicated that "[a] person is guilty of second degree assault when:

  a) With intent to injure, shall unlawfully administer to or cause to be taken by another, poison or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or
  b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or
  c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; or
  d) Shall knowingly assault another with intent to commit a felony; or
  e) With criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm."

Contrary to Mr. Ryncarz argument, the Government provided documentation at the time of sentencing that Defendant was convicted of RCW 9A.36.020(1)(c) and included the

ORDER ON § 2255 MOTION - 4

completed special verdict form wherein the jury found that he had possessed a deadly weapon.

Mr. Ryncarz also was convicted of second degree assault conviction pursuant to RCW 9A.36.021(1)(c). "(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

    a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or

    b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or

    c) Assaults another with a deadly weapon; or

    d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison, the human immunodeficiency virus as defined in chapter 70.24 RCW, or any other destructive or noxious substance; or

    e) With intent to inflict bodily harm, exposes or transmits human immunodeficiency virus as defined in chapter 70.24 RCW; or

    f) With intent to commit a felony, assaults another; or

    g) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture."

RCW 9A.36.020(1)(c). Again, the record is clear that Mr. Ryncarz was convicted of subsection (c).

Certain subsections may not qualify as *per se* crimes of violence either because the quantum of force is insufficient or because the *mens rea* falls below recklessness. Consequently, the Court must determine whether the Washington State second-degree assault statute is divisible. *Descamps v. United States*, 133 S. Ct. 2276, 2284. A statute is "divisible" if it "comprises multiple, alternative versions of the crime." *Id.* "[W]hile indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain multiple, alternative elements of functionally separate crimes."

ORDER ON § 2255 MOTION - 5

*Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014). A statute is indivisible when the jury does not need to agree on anything more than the fact that the statute was violated and is not required to be unanimous regarding how the statute was violated. *Id*. at 1084. "[T]he 'categorical approach'—requires that courts look only to the statutory definitions'— i.e., the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions when making a comparison between a prior conviction and a federal, generic crime." *Rendon v. Holder*, 764 F.3d 1077, 1082–83 (9th Cir. 2014). "Only when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative *elements* and not alternative *means*." *Id.* at 1086 (emphasis original). "[D]ivisibility hinges on whether the jury must unanimously agree on the fact critical to the federal statute. (A jury faced with a divisible statute must unanimously agree on the particular offense of which the petitioner has been convicted. . . .). By contrast, a statute is indivisible if the jury may disagree on the fact at issue yet still convict." *Lopez-Valencia v. Lynch*, 798 F.3d 863, 868–69 (9th Cir. 2015) (internal citations omitted).

Defendant argues that due to the Washington State Supreme Court's formulation of the alternative means test, the second degree assault statute is indivisible. "Alternative means crimes are ones that provide that the proscribed criminal conduct may be proved in a variety of ways. As a general rule, such crimes are set forth in a statute stating a single offense, under which are set forth more than one means by which the offense may be committed" *State v. Smith*, 159 Wash. 2d 778, 784, (2007). "As promulgated by the legislature, the second degree criminal assault statute articulates a single criminal offense and then provides six separate subsections by which the offense may be committed. RCW 9A.36.021 (1)(a)-(f). Each of these six subsections represents an alternative means of committing the crime of second degree assault." *Id.*

However, despite the use of similar vocabulary, the Washington State jurisprudence regarding alternative means, and the specific holding regarding RCW 9A.36.021, does not

directly transpose into the *Descamps* framework. Despite the Washington State Supreme Court's description of each subsection as alternative means, the elements that must be proven unanimously before a jury are tied to specific subsections of the second degree assault statute. Unlike the situation anticipated by *Descamps* where a jury could find a person guilty of any of the listed means, in Washington the state must prove the elements underlying the charged subsection. "[A] charging document must contain all essential elements of a crime so as to give the defendant notice of the charges and allow the defendant to prepare a defense." *State v. Winings*, 126 Wash. App. 75, 84, 107 P.3d 141, 146 (2005). "Washington law requires a unanimous jury conclusion that the defendant committed the crime charged in the information." *State v. Mak*, 105 Wash.2d 692, 735 (1986). Washington has separate jury instructions for the different subsections of the second degree assault statute. See Wash. Pattern Jury Instr. 35.14, 35.18, 35.19, 35.19.001. It is only in the case where the Information charges multiple means that the alternative means test discussed in *Smith* comes into play. However, even when it does, "[i]n certain situations, the right to a unanimous jury trial also includes the right to express jury unanimity on the means by which the defendant is found to have committed the crime." *State v. Green*, 94 Wash.2d 216 (1980). In the case of use of a deadly weapon, a special verdict confirms unanimity on that particular element. Therefore, unless the case is charged as "alternative means" case, a jury must find the defendant guilty beyond a reasonable doubt of the elements specific to the subsection of the statute charged in the Information. Thus the charge determines the applicable elements, Court need not examine underlying facts to determine whether or not the conviction is a crime of violence, the Court need only examine the statute of conviction including the subsection charged.

In this case, Mr. Ryncarz was charged and convicted of second degree assault with a deadly weapon in violation of RCW 9A.36.021(1)(c) and RCW 9A.36.020(1(c). Washington Pattern Jury Instructions state, "To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

ORDER ON § 2255 MOTION - 7

```
            (1) That on or about (date), the defendant assaulted (name of person) with a
            deadly weapon; and

            (2) That this act occurred in the State of Washington. If you find from the
            evidence that each of these elements have been proved beyond a reasonable doubt,
            then it will be your duty to return a verdict of guilty."
```

11 Wash. Prac., Pattern Jury Instr. Crim. WPIC 35.19 (4th Ed). The jury would have no option to convict pursuant to alternative means because they are *not* elements of the crime charged. Based on the elements, Washington's second degree assault with a deadly weapon is categorically a crime of violence under the force clause of the ACCA. See *United States v. Jennen,* 596 F.3d 594 (9th Cir. 2010).

The Court is mindful that the degree of force necessary to violate the second degree assault statute must be sufficient to be "violent force--that is, force capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Washington defines assault in three ways, "(i) an attempt, with unlawful force, to inflict bodily injury upon another; (ii) an unlawful touching with criminal intent; and (iii) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm." *Jennen*, 596 F.3d at 600. In the case of Washington's second degree assault with a deadly weapon statute, the Ninth Circuit has determined that Washington's second degree assault with a deadly weapon "is committed by using a deadly weapon while engaging in conduct that fits any of the three definitions above, all three of which, when carried out with a deadly weapon, have as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*

The Court concludes that each of Mr. Ryncarz's three convictions for second degree assault with a deadly weapon qualify as a predicate offense pursuant to the force clause of the ACCA. Consequently Mr. Ryncarz's sentence is legal and constitutional even if the trial court erred by considering the residual clause as a possible basis for making a finding that extortion is a crime of violence. No finding is necessary regarding second degree

> (1) That on or about (date), the defendant assaulted (name of person) with a deadly weapon; and
>
> (2) That this act occurred in the State of Washington. If you find from the evidence that each of these elements have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty."

11 Wash. Prac., Pattern Jury Instr. Crim. WPIC 35.19 (4th Ed). The jury would have no option to convict pursuant to alternative means because they are *not* elements of the crime charged. Based on the elements, Washington's second degree assault with a deadly weapon is categorically a crime of violence under the force clause of the ACCA. See *United States v. Jennen,* 596 F.3d 594 (9th Cir. 2010).

The Court is mindful that the degree of force necessary to violate the second degree assault statute must be sufficient to be "violent force--that is, force capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Washington defines assault in three ways, "(i) an attempt, with unlawful force, to inflict bodily injury upon another; (ii) an unlawful touching with criminal intent; and (iii) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm." *Jennen*, 596 F.3d at 600. In the case of Washington's second degree assault with a deadly weapon statute, the Ninth Circuit has determined that Washington's second degree assault with a deadly weapon "is committed by using a deadly weapon while engaging in conduct that fits any of the three definitions above, all three of which, when carried out with a deadly weapon, have as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*

The Court concludes that each of Mr. Ryncarz's three convictions for second degree assault with a deadly weapon qualify as a predicate offense pursuant to the force clause of the ACCA. Consequently Mr. Ryncarz's sentence is legal and constitutional even if the trial court erred by considering the residual clause as a possible basis for making a finding that extortion is a crime of violence. No finding is necessary regarding second degree

Extortion due to the three qualifying convictions of second degree assault with a deadly weapon.

In sum, this case is not a *Johnson* case because the sentencing judge did not rely upon the residual clause when determine that Mr. Ryncarz was ACCA qualified. The trial judge instead cited all three clauses of the ACCA, anyone of which would have been sufficient. Further, the determination that second degree extortion qualified as a crime of violence was superfluous because the sentencing judge relied upon four predicate convictions to make the ACCA determination rather than the required three. So the possible marginal reliance on the residual clause did not disrupt the finding that at least three of Mr. Ryncarz's prior convictions qualified as predicate offenses for the ACCA. Lastly, even if this Court has incorrectly determined this is not a *Johnson* case, there is no harm because the three remaining convictions used to make the ACCA determination still, even after *Descamps*, qualify as crimes of violence pursuant to the force clause of the ACCA.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion. Thus a certificate of appealability should issue.

The Court has reviewed the file and the briefing and is fully informed. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed June 23, 2016, **ECF No. 231**, is **DENIED**.

The District Court Executive is directed to:
- File this Order,

ORDER ON § 2255 MOTION - 9

- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND**
- **CLOSE** the corresponding civil file, 16-CV-225-RMP.

**DATED** this 12th day of December, 2016.

12-07-16

                                    s/ Wm. Fremming Nielsen
                                    WM. FREMMING NIELSEN
                    SENIOR UNITED STATES DISTRICT JUDGE